UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY COLEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MIDLANDS CARRIER TRANSICOLD, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01472 JLT<br><br>ORDER GRANTING STIPULATION TO CONTINUE THE PRETRIAL CONFERENCE; PARTIAL PRETRIAL ORDER<br><br>(Doc. 44) |

Counsel have filed a stipulation (Doc. 44) to continue the pretrial conference to October 26, 2015 to accommodate their intention to have settlement discussions. (Doc. 42) However, this necessitates the Court set some pretrial deadlines at this time. Thus, good cause appearing, the Court **ORDERS**:

    1.    The pretrial conference is **CONTINUED** to **October 26, 2015 at 9:30 a.m.** Counsel may appear telephonically via the CourtCall service;

    2.    No later than **October 19, 2015**, the parties **SHALL** file a joint pretrial conference statement addressing the requirements of Local Rule 281(b);

    3.    No later than **October 19, 2015,** the parties **SHALL** exchange exhibit lists via e-mail or fax. A copy of any exhibit not previously disclosed, **SHALL** be provided with the exhibit list;

    4.    No later than **October 19, 2015,** the parties **SHALL** exchange witness lists via e-mail or fax;

5. Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id.*

Any motions in limine must be filed with the Court by **October 26, 2015**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **November 2, 2015**. No replies are authorized. The Court sets a hearing on the motions in limine on **November 9, 2015**, at 10:00 a.m. Appearances via Courtcall are authorized.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion;**

5. The parties **SHALL** serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **October 19, 2015.** The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **October 26, 2015**. At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial.

**Failure to comply with this order may result in the imposition of sanctions**.

IT IS SO ORDERED.

   Dated:   **September 21, 2015**           /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE